[No. 11396.   Department One. — March 31, 1886.]

## IN THE MATTER OF ARTHUR W. BOWMAN, AN INSOLVENT. ARTHUR W. BOWMAN, RESPONDENT, *v.* HIS CREDITORS, APPELLANTS.

INSOLVENCY — HOMESTEAD — SETTING APART BY COURT — RESIDENCE. — Under section 60 of the Insolvent Act of 1880, the court may set apart certain premises to an insolvent as his homestead, although the same had never constituted his residence.

APPEAL from an order of the Superior Court of Alameda County setting apart a homestead to an insolvent debtor.

The facts are stated in the opinion of the court.

*William Thomas,* and *Henry P. Bowie,* for Appellants.

*E. W. McGraw,* for Respondent.

Ross, J.—Bowman was adjudged an insolvent under the Insolvent Act of 1880. No homestead had been selected by him under the homestead laws of the state prior to the adjudication. A lot of land upon which he had never resided was set apart to him as a homestead by the insolvency court by virtue of the provisions of section 60 of the act of 1880, which declares: "It shall be the duty of the court having jurisdiction of the proceedings to exempt and set apart for the use and benefit of said insolvent such real and personal property as is by law exempt from execution, and also a homestead in the manner provided by section 1465 of the Code of Civil Procedure."

The appellant contends that the court below erred in so doing, because the premises set apart to the insolvent never constituted his residence. The statute regulating the matter does not require that they should ever have constituted the residence. The finding of the court is, that the property set apart is suitable and proper for a homestead, and that was a sufficient basis for the order setting it apart. As has been seen, the statute makes it the duty of the court to exempt and set apart for the use and benefit of the insolvent such real and personal property as is by law exempt from execution, and *also a homestead* in the manner provided in section 1465 of the Code of Civil Procedure. That section is one of the sections relating to the estates of deceased persons, and reads as follows:—

"Upon the return of the inventory, or at any subsequent time during the administration, the court may, on its own motion, or on petition therefor, set apart for the use of the surviving husband or wife, or in case of his

or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead selected, designated, and recorded, provided such homestead was selected from the common property or from the separate property of the person selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or in case the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court must select, designate, and set apart and cause to be recorded a homestead . . . . in the manner provided in article 2 of this chapter, out of the common property, or if there be no common property, then out of the real estate belonging to the decedent."

The statute does not attach the condition that the decedent must have resided upon the premises before a given piece of property can be set apart for the use of the survivor, or, in case of his death, to the minor children of the decedent; but in express terms provides that if no homestead has been selected, designated, and recorded (under the general homestead laws), or, in case the homestead so designated and recorded was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court must select, designate, and set apart and cause to be recorded *a* homestead, etc. Such a homestead as was held in the *Matter of the Estate of Busse,* 35 Cal. 310, may be carved out of any property left by the decedent which is capable of being made a homestead.

Judgment affirmed.

MYRICK, J., and McKINSTRY, J., concurred.