[No. 12532.   Department Two. — March 23, 1889.]

In the Matter of the Estate of GEORGE F.
SHARP, Deceased.   JOHN HUNT, Executor etc.,
Appellant, v. HONORA SHARP, Respondent.

Estate of Decedent — Homestead — Premises Suitable for may be Set
    Apart — Previous Business Use. — Premises belonging to the estate
    of a decedent which are suitable and proper for use as a homestead may
    be set apart as such to his widow, although they had previously been
    used exclusively for business purposes.
Id. — Finding that Premises are Suitable — Evidence — Presumption
    on Appeal. — In the absence of evidence to the contrary, a finding that
    the premises are suitable and proper for a homestead will be presumed
    on appeal to have been supported by the evidence.

Appeal from an order of the Superior Court of the
city and county of San Francisco setting apart a home-
stead out of the estate of a deceased person.

The facts are stated in the opinion.

*Matthew I. Sullivan*, for Appellant.

There is nothing contained in the provisions of sec-
tions 1465 et seq. of the Code of Civil Procedure that
authorizes the court to set aside as a homestead premises
used exclusively for business purposes.   In this respect
there is no distinction between a probate homestead and
one selected under the provisions of title 5 of division 2
of the Civil Code.   (Thompson on Homesteads, sec. 102;
*Estate of Delaney*, 37 Cal. 180; *Kingsley* v. *Kingsley*, 39
Cal. 666; *Matter of Busse*, 35 Cal. 310; *Matter of Bowman*,
69 Cal. 244; *Estate of Noah*, 73 Cal. 590; *Laughlin* v.
*Wright*, 63 Cal. 113; *Ackley* v. *Chamberlain*, 16 Cal. 183;
76 Am. Dec. 514; *Rhodes* v. *McCormack*, 4 Iowa, 344; 68
Am. Dec. 663; *Gregg* v. *Bostwick*, 33 Cal. 228; 91 Am.
Dec. 637; *Mann* v. *Rogers*, 35 Cal. 319; *Tiernan* v. *His
Creditors*, 62 Cal. 286; *McLane* v. *Paschal*, 47 Tex. 371.)

*Hall & Rodgers*, for Respondent.

The supreme court will presume that the evidence of the suitability of the premises for a homestead was sufficient to support the order. (*Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 429; *Bunting* v. *Beideman*, 1 Cal. 182; *Tompkins* v. *Weeks*, 26 Cal. 58; *Livermore* v. *Webb*, 56 Cal. 492.)

FOOTE, C.—Appeal from an order setting aside a homestead to a widow under section 1465 of the Code of Civil Procedure.

The third specification made on the part of the appellant why the evidence was insufficient to justify the decision and order is, that "the evidence fails to show that said premises so set aside as a homestead are now or ever were or can be used as a dwelling-place."

Conceding, without deciding, that the bill of exceptions contains any evidence upon the point involved, which it is permissible that the appellate court should consider on this appeal, nevertheless it is apparent that such evidence is insufficient to demand a reversal of the order.

Let it be admitted that the evidence shows the premises were not used as a dwelling-place at the time the homestead was set apart, and that they were used at the time of the death of the husband of the widow, and ever since had been used, as a store, in part as an office, and in part for storage purposes, and yet it may be that the premises were, as found by the court below, "suitable and proper for a homestead."

If the premises, as we must presume them to have been (there being no evidence to contradict the finding), were suitable and proper for a homestead, it was properly set apart to the widow. *In re Bowman*, 69 Cal. 245, which was a case where an insolvent had a homestead set apart to him under the provisions of section 1465 of the Code of Civil Procedure, the appellate court said: "The appellant contends that the court below erred in

so doing, because the premises set apart to the insolvent never constituted his residence. The statute regulating the matter does not require that they should ever have constituted his residence. The finding of the court is, that the property set apart is suitable and proper for a homestead, and that was a sufficient basis for the order setting it apart."

It would seem, therefore, that a homestead, such as the one here set apart, "may be carved out of any property left by the decedent which is capable of being made a homestead." (*In re Bowman, supra,* citing *Estate of Busse,* 35 Cal. 310.)

We do not understand the case of *In re Noah,* 73 Cal. 590 (in which the opinion was written by the learned judge who concurred in what was said in *In re Bowman, supra*), to be in conflict with what is here said. It was there decided that premises could be set apart as a homestead if there was a house or "edifice" thereon "which could be used as a dwelling-house," even if not occupied as such at the time the order setting it apart was made. It is there said, also, that it must be property "which could have been selected as a homestead during the continuance of the marriage." But there is nothing in this record to show but what the premises here involved could have been selected as a homestead during the marriage, and could have been used as a dwelling-house.

The appellant has abandoned all other contentions except the one discussed above. We advise that the order be affirmed.

BELCHER, C. C., concurred.

HAYNE, C., took no part in the decision.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.