[Sac. No. 857, Department Two. — September 3, 1901.]

In the Matter of the Estate of CHARLES GALLAGHER, Deceased. MARY GALLAGHER, Appellant. ANTHONY GALLAGHER, Respondent.

ESTATES OF DECEASED PERSONS — PROBATE HOMESTEAD — FARMING-LAND WITHOUT DWELLING. — Farming-land upon which there is no dwelling, and which had not been lawfully claimed as a homestead, and was not lived upon at the time of the husband's death, cannot be set apart to the widow as a probate homestead, by the superior court, under section 1465 of the Code of Civil Procedure.

ID. — BURNED DWELLING NOT REBUILT — INVALID CLAIM OF HOMESTEAD — OFFER OF WIDOW TO REBUILD. — Though the spouses formerly lived for many years upon the farming-land in question, in a dwelling-house thereupon, which was destroyed by fire several years prior to the husband's death, and never rebuilt; and though the wife, while they were living upon the land, filed an invalid claim of homestead thereupon, which she believed to be valid; and though, as widow, when applying for the homestead, she offered to rebuild the burned dwelling, — none of these facts can affect the legal question involved, or justify the superior court in setting apart to the widow, as a probate homestead, the bare farming-land, which was neither occupied as a home, nor suitable to be a home, at the time of the husband's death.

ID. — NATURE OF HOMESTEAD RIGHT — STATUTE LAW — JUSTICE NOT CONSIDERED. — A homestead right is a creation of modern statute law, and can only be acquired in substantial compliance therewith. The question whether it would be just to set apart a probate homestead, which the law does not permit, cannot be considered.

APPEAL from an order of the Superior Court of Sutter County denying an application to set apart a probate homestead to the widow of a deceased person. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

W. H. Carlin, for Appellant.

K. S. Mahon, and Lawrence Schillig, for Respondent.

McFARLAND, J.—This is an appeal by Mary Gallagher, widow of the deceased, from an order denying her application to have set apart to her as a homestead certain land of the estate.

The application was made under that part of section 1465 of

the Code of Civil Procedure which authorizes a probate court
to set aside a homestead when "none has been selected, desig-
nated, and recorded" during the lifetime of the spouses. There
is no dispute about the facts. The land sought to be set aside
is farming-land, upon which there was no dwelling-house, and
no building that could be used as a dwelling; and at the time
of the husband's death neither he nor the petitioner was living
on the land. There had been no statutory homestead. The
contention of respondent is, that the property involved was not
of the nature and character of homestead property, and there-
fore could not be set apart as a homestead, under section 1465.

In the opinions in some of the cases cited by respondent—
as, for instance, *Kingsley* v. *Kingsley*, 39 Cal. 665 (which, by the
way, did not deal with the code provisions concerning home-
steads); *In re Carriger*, 107 Cal. 618; *Wickersham* v. *Comer-
ford*, 96 Cal. 433; *In re Armstrong*, 80 Cal. 71—there was, no
doubt, some *dicta* not necessary to the determination of the
cases upon the facts presented. And the expression used in
some of those cases, to the effect that a probate homestead can
be set apart only upon property which could have been dedi-
cated, under the homestead act, immediately preceding the
death of the husband, must be construed to mean only that it
must be property which in its character is homestead property,
—that is, a dwelling-house, with the land on which it is situ-
ated, and which could have been occupied as a home,—and
not that it must be land on which the husband actually re-
sided at the time of his death. In the case of a probate home-
stead, the court creates the homestead, and it may be carved
out of any property of the estate suitable for a homestead. In
the case of *In re Bowman*, 69 Cal. 244, the court say: "The
statute regulating the matter does not require that they [the
premises] should ever have constituted the residence. The
finding of the court is, that the property set apart is suitable
and proper for a homestead, and that was a sufficient basis for
the order setting it apart." (See also *Estate of Busse*, 35 Cal.
310, and *In re Noah*, 73 Cal. 590.[1]) In the latter case it is said:
"It may be conceded that the real property set apart as a
homestead to the surviving husband or wife, by order of the
court, need not be actually occupied at the time when the order
is made." There is no doubt that where there are two or more

[1] 2 Am. St. Rep. 834.

pieces of land belonging to an estate, each having a dwelling-house on it, and being suitable for a home, the probate court may set apart either piece as a homestead for the widow, if there are no other valid objections to such action.

But we think that the authorities cited by respondent establish the rule that a probate homestead cannot be carved out of a tract of naked agricultural land, having on it no dwelling-house or other qualities of a home, and therefore we are of the opinion that the order appealed from must be affirmed.

It appears that for many years prior to the month of October, 1896, the deceased and petitioner resided on the lands here involved, in a dwelling-house which stood thereon; that in said month the dwelling-house and its contents were destroyed by fire; and that from that time until the death of the husband, which was in February, 1899, between two and three years afterwards, neither husband nor wife resided on the land, but lived elsewhere, and that petitioner continued to live elsewhere until the date of the filing of the petition. No other dwelling-house was ever built on the land, nor was it in any way occupied as a home. These facts do not affect the legal question presented. It is not necessary to inquire what petitioner's rights would have been if, after the burning of the house, the parties had continued to live on the land, in a tent or under the trees, or even if, while erecting another house, they had temporarily lived off the land, and the husband had died while these conditions existed. Where parties actually live on a piece of land and make it their *bona fide* home, the phrase "dwelling-house," as used in the homestead law, would undoubtedly be given a very liberal construction. But in the case at bar there is no pretense that the parties lived on the land, or in any way made it their home, after the burning of the house.

The court did not err in rejecting the offer of petitioner to prove that in 1875 she executed and had recorded a paper which she supposed was a good declaration of homestead on the land in question, but which was ineffective because not in compliance with the law, and that down to about May, 1890, she believed such paper to be a valid and effective homestead declaration. Neither did the court err in rejecting her offer to prove that it was her intention, if the court should grant her application, to move upon the land and erect a suitable dwell-

ing-house or home. If these facts had been proven, the legal aspect of the question involved would not have been changed.

We cannot deal with the question whether or not it would be a just thing to give the land to petitioner. A homestead right is a creation of modern written law; and it can be acquired only by, at least, a substantial compliance with that law.

The order appealed from is affirmed.

Henshaw, J., concurred.

TEMPLE, J., concurring. — I concur in the judgment, and for the reasons stated. The discussion of former cases seems to have no bearing upon this case.