[S. F. Nos. 11848 and 11849.   In Bank.—July 6, 1926.]

In the Matter of the Estate of AGNES C. HENNINGSEN, Deceased.   JOHN L. McVEY, As Executor, etc., Appellant, v. R. M. HENNINGSEN, Respondent.

[1] ESTATES OF DECEASED PERSONS—SEPARATION OF SPOUSES—HOMESTEAD.—The mere fact that, because of discord between them, a surviving husband had not lived with his deceased wife for a period of about three months immediately prior to her death does not deprive him of the right to have set apart to him, under section 1465 of the Code of Civil Procedure, a homestead out of the separate property of the deceased wife and the exempt property of her estate.

[2] ID.—RESIDENCE—SUITABILITY OF FLATS.—Residence upon the property sought to be impressed with the quality of a probate home-

1.  See 11 Cal. Jur. 592.
2.  See 11 Cal. Jur. 605.

stead is not a prerequisite to its segregation for such purpose under the provisions of the Code of Civil Procedure relating to such homesteads,· if such property is otherwise suitable for such purpose; and there is no merit in the contention that property consisting of two flats occupied by tenants at the time of the wife's death, and wherein at such time neither she nor her husband resided, is not of the character which would render it available for a homestead.

(1) 24 C. J., p. 233, n. 18.   (2) 29 C. J., p. 1021, n. 80.

APPEALS from orders of the Superior Court of Alameda County setting apart a homestead and the exempt property to the surviving husband. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

John L. McVey, *in pro. per.*, for Appellant.

Herbert Chamberlain for Respondent.

RICHARDS, J.—There are two appeals involved in this proceeding, one an appeal from an order of the probate court setting apart a homestead to the surviving husband of the decedent out of the separate property of the latter; the other an appeal from an order of said court setting apart the exempt property of said estate to the surviving spouse. These appeals are prosecuted by the executor of the last will and testament of said deceased. The two appeals are predicated upon the same evidence; the questions of law are the same upon each appeal and are presented in a single set of briefs. They will, therefore, be considered and disposed of in a single opinion.

The respondent herein, R. M. Henningsen, and the deceased, Agnes C. Henningsen, were, at the time of the death of the latter, husband and wife. They had been married and had lived together in that relation for about nineteen years up to about three months prior to the death of the wife, when, apparently, a discord arose between them. What property they ·possessed was the separate property of the wife and consisted of the real property sought to be set apart as a probate homestead herein, of certain exempt

personal property and of certain other moneys and properties not affected by these proceedings. At the time the relation between the spouses became strained the husband apparently had no property and was in need of immediate means and asked his wife for three hundred dollars in money to relieve his situation. Trouble ensued. She told him to leave the house, and upon that or the following day the wife handed her husband a check for one hundred dollars, which contained the following statement below the name of the maker: "Payment in full for all claims you have against me." She also at the same time offered back a ring which he had given her years before. The husband took the check, but refused the ring, and went away to live elsewhere in Oakland, wherein they had both theretofore resided, and did not return to or see his wife during the remaining few months of her lifetime, nor did he attend her funeral. His excuse for not doing so, given at the hearing of these proceedings, was that he had been told by her "to stay away from the house and never come near it"; and that he did not know that she was sick and had died until after she was buried. He further testified upon such hearing that the money she gave him was part of his own property of which she was possessed. During the course of probate of his deceased wife's will, her husband, the respondent herein, presented the two applications above referred to, under the provisions of section 1465 of the Code of Civil Procedure. At the hearing thereon the foregoing facts were educed and at the conclusion thereof the trial court made and entered the two orders from which these appeals have been taken.

[1] The main contention which the appellant makes upon each of these appeals is that the evidence presented at the hearing showed that the family relation between the husband and wife had been dissolved prior to her death, and for that reason the husband was not entitled to have set apart to him the homestead or the exempt property from the separate property and effects of his deceased spouse under the provisions of said section of the code. There is no merit in this contention. Even if it were to be conceded, which it is not, that the appellant herein had established upon such hearing by practically undisputed evidence that the family status of the parties had been destroyed, it

would not follow that the husband of the decedent must for that reason have been denied the rights he sought to assert under section 1465 of the Code of Civil Procedure. On the contrary, this court has held in *Estate of Gould,* 181 Cal. 11 [183 Pac. 146], and also in *Estate of Parkinson,* 193 Cal. 354 [224 Pac. 453], that the rights of the surviving spouse created under the provisions of sections 1464, 1465 and 1466 of the Code of Civil Procedure were not conditioned upon the existence of the family status at the date of the decedent's death. In each of these cases the earlier decisions of this court, including the cases of *Estate of Yoell,* 164 Cal. 540 [129 Pac. 999], and *Bose* v. *Bose,* 158 Cal. 428 [111 Pac. 258], upon which the appellant chiefly relies, were fully considered and distinguished. We are satisfied that the language of the court in *Estate of Gould, supra,* and in *Estate of Parkinson, supra,* must be given full application to the facts as presented upon these two appeals; and we are further satisfied that the appellant herein made no such showing as to the severance and nonexistence of the family relation between these discordant spouses during the brief period preceding the death of the wife as to bring these appeals within reach of the decisions of this court in *Estate of Yoell* and *Bose* v. *Bose, supra,* even if these cases could otherwise have been given application to the status provided for in section 1465 of the Code of Civil Procedure, upon the basis of which the orders herein appealed from were made. **[2]** The further contention of the appellant herein to the effect that the property selected and set apart as a homestead herein was not of the character which would render it available for such purpose is equally without merit. The property in question consisted of two flats occupied by tenants at the time of the decedent's death, and wherein at such time neither of said spouses resided. It has, however, been held by this court that residence upon the property sought to be impressed with the quality of a probate homestead was not a prerequisite to its segregation for such purpose under the provisions of said code relating to such homesteads if such property was otherwise suitable for such purpose. (*In re Sharp,* 78 Cal. 483 [21 Pac. 182]; *In re Bowman,* 69 Cal. 244 [10 Pac. 412].)

The contentions of the appellant being thus disposed of, it follows that the orders appealed from must be and they and each of them are hereby affirmed.

Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.