### GEORGE M. BARBER, ADM'R, *v.* REBECCA M. ELLIS.

ESTATE OF DECEDENT.   *Year's support for family.*   *Code* 1880, § 1279.

    Section 1279 of the code, requiring the appraisers to set apart out of the estate of a deceased husband one year's support for his widow and children, is a part of our exemption laws, designed to meet the necessities of families *resident in this state.* It has no application in favor of non-residents.

FROM the chancery court of Warren county.

HON. LAUCH MCLAURIN, Chancellor.

The appellee is the widow of Turner M. Ellis, who, at the time of his death, in 1878, was a resident of the state of Missouri. He had formerly been a citizen of Warren county, Mississippi, but during his residence there his wife and children continued to reside without the state. At the time of his death he was the owner of a small claim against the United States, the prosecution of which he had begun while in this state. The claim remained unadjusted until after his death, when, in 1886, a part of it was allowed, and in payment thereof a check for $186.19, payable to his order, was sent by mail to his address at Vicksburg, Mississippi, where the government officials in charge of the claim supposed he was still residing. When the check reached Vicksburg, the appellant, Barber, claiming to be a creditor of Ellis, applied for and obtained letters of administration upon his estate and collected the check.

Ellis left surviving him his widow, the appellee, and several children, all of them non-residents of this state. Rebecca M. Ellis, the widow, filed her petition in the chancery court in which the administration was pending, praying for an allowance out of the money in the hands of Barber, the administrator, sufficient to purchase one year's provision for herself and children as provided by § 1279, code 1880. The court directed the appraisers to set apart the allowance in accordance with her petition and they having fixed the same at $150, their report was confirmed by the court over the objection of the administrator, who prosecutes this appeal.

It does not appear from the record that the estate sought to be

administered upon by the appellant embraced any property besides the proceeds of the aforesaid check.

Section 1279, code 1880, referred to in the argument and the opinion is as follows :—

"It shall be the duty of the appraisers of an estate to set apart, out of the stock of provisions or effects of her deceased husband on hand, one year's provisions for the widow and children who were being supported by him ; and if there be no provisions or effects on hand, allowance of money to purchase provisions may be made in lieu thereof, and said appraisers shall report their proceedings to the chancery court. But the appraisers shall have reference to the articles embraced in the exempt property, and shall set apart or allow for only such additional necessary articles as, together with the exempt property, shall be necessary for the comfortable support of the widow and children ; and the chancery court shall be careful that this rule is observed by appraisers."

*M. Marshall*, for appellant.

Section 1279 was intended to provide a temporary relief for those deprived of their natural support immediately after the loss. It is intended to keep them, when thus thrown on their own resources, from being dependent upon the community when a natural protector left means adequate for that purpose. It has no application where persons have not lost a support by his death.

Besides the provision for one year's support of a widow has no application to a case like this, where the intestate did not at the time of his death reside in this state. Our state is not interested in taking care of persons who are not thrown upon our community.

*Dabney & McCabe*, for appellee.

There is nothing in the statute which directly or indirectly limits the right of a non-resident widow to one year's support as provided for by § 1279. It is conceded that if the widow lived in Mississippi she would be entitled to the allowance. We submit that there is nothing in the statute to warrant the view that there is a distinction between resident and non-resident widows in this respect.

WOODS, C. J., delivered the opinion of the court.

The benefits conferred by section 1279, code of 1880, are designed to meet the immediate necessities of families in this state, upon the death of the husband. The section must be held to be a part of our exemption laws, and applicable only to persons resident within our borders. The purpose of the section is to secure the widow and children of one who had been their support against present want, when that support has been taken away, and, furthermore, to protect society against the burden of having destitute families thrown upon it for food and raiment.

While we are constrained to announce this view of the law in the case before us, we take leave to say that we do not see clearly how letters of administration were granted to appellant, on the admitted facts of the case. The deceased did not reside here at the time of his death, nor had he any estate here. Will the mere passage through the state, in the mails of the government, of a treasury warrant, authorize a stranger to seize and administer upon the warrant?

*Reversed and remanded.*