[Sac. No. 825. Department One.—January 3, 1901.]

In the Matter of the Estate of D. T. LUFKIN, Deceased. SARAH E. MOORE, Administratrix, etc., et al., Appellants, v. LUCY LUFKIN, Respondent.

ESTATES OF DECEASED PERSONS—ALLOWANCE TO WIDOW—DISCRETION— SEPARATE PROPERTY.—The lower court has jurisdiction and discretion to determine what allowance is reasonable and necessary for the support of the widow of a deceased person, and whether the separate property of the widow is sufficient for her maintenance; and this court will not interfere with its determination if not exercised on erroneous principles or in an extreme case.

ID.—DUTY OF COURT TO CONSIDER SEPARATE PROPERTY—QUESTION NOT RAISED IN RECORD.—This court cannot determine the question whether it was the duty of the lower court to consider the separate property of the widow in fixing her allowance, where the record upon appeal does not show whether it was considered or not, and where, whether it was or was not considered, this court cannot say that her separate property was sufficient for her maintenance, or that the allowance was not reasonable or was more than was necessary for her maintenance.

ID.—LEGACY TO WIDOW—RELINQUISHMENT OF "FURTHER CLAIM"—MAINTENANCE—ELECTION.—Where the will bequeaths a legacy to the widow, on the payment of which she is required by its terms to "relinquish all further claim" to the estate, the term "claim" so used is broad enough to include the statutory claim or right of the widow to an allowance from the estate of the testator, and the widow is put to her election between the two.

ID.—TIME OF ELECTION—PAYMENT OF LEGACY—ALLOWANCE PENDING ADMINISTRATION.—The time for the election to be exercised being only "on the payment" of the legacy, the widow until that time is entitled to enjoy a statutory allowance made to her pending the administration of the estate.

APPEAL from an order of the Superior Court of Sacramento County making an allowance to the widow of a deceased person. Joseph W. Hughes, Judge.

The facts are stated in the opinion.

Holl & Dunn, and A. L. Shinn, for Appellants.

Albert M. Johnson, for Respondent.

SMITH, C.—Appeal from order making allowance to widow of deceased of forty dollars per month for maintenance pending administration.

The application was contested by the daughters, and the children of a deceased son of a former marriage. The grounds of opposition were: 1. That the widow had separate property sufficient for her maintenance; 2. That there was no property in the estate from which the allowance could be paid; and 3. That under the will of the deceased she was put to her election between her right to family allowance, and the legacy bequeathed her.

The estate consists of a note and mortgage of the value of between seven thousand and eight thousand dollars, held by the California State Bank as security for an indebtedness of the deceased amounting at the date of hearing to two thousand five hundred dollars. The widow, it appears, has property of her own amounting to something over three thousand dollars, consisting of sixteen hundred and twenty-one dollars in bank and the balance in solvent promissory notes, and she has also the interest for life on two thousand dollars—her income being two hundred and four dollars and seventy-three cents per annum.

With regard to the first point, this court cannot say that the separate property of the widow was sufficient for her maintenance. Nor can it entertain the question whether it was the duty of the court below to consider the separate property of the widow in fixing her allowance; for there is nothing in the record to show whether it did consider it or not. Nor—whether it did or did not consider it—this court cannot say that the allowance was not reasonable, or that it was more than was necessary for the maintenance of the widow. By the provisions of section 1466 of the Code of Civil Procedure the function of determining those questions is vested in the lower court, and from the nature of the case must rest largely in the discretion of the court. With that discretion, if not exercised on erroneous principles, we cannot, unless in extreme cases, interfere. The only point to be considered, therefore, is as to the construction of the will.

The provision of the will in question is: "I give, devise, and bequeath to my wife Lucy the sum of one thousand dollars ($1,000), on the payment of which one thousand dollars she relinquish all further claim to my estate." By other bequests the whole of the testator's estate was disposed of.

The term "claim," in its usual and proper sense, is broad enough to include the statutory claim or right of the widow to an allowance from the estate of the testator, and, where a different intention is not manifested by the context, must be so construed. (Code Civ. Proc., sec. 16.) It was doubtless so understood and intended by the testator here; and this intention is the more manifest from the fact that there was no community property, or real estate from which a homestead could be allotted, and in fact nothing to which the term could apply except the claim to family allowance. The bequest is, therefore, to be construed as conditional on the relinquishment of the claim of allowance for maintenance; and the widow is thus put to her election between the two. The case also comes within the reason of the rule "that he who accepts a benefit under a . . . . will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it." (1 Jarman on Wills, 385; Story's Equity Jurisprudence, secs. 1075, 1076; *Morrison v. Bowman*, 29 Cal. 346; *Estate of Stewart*, 74 Cal. 98; *Estate of Smith*, 108 Cal. 115; *Etcheborne v. Auzerais*, 45 Cal. 121; *Eproson v. Wheat*, 53 Cal. 715.)

As to the time the election is to be exercised the will is equally clear. It is to be exercised only "on the payment" of the legacy. Until then the widow is entitled to the enjoyment of her statutory rights, and to the allowance made to her thereunder.

I advise that the order appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.

Hearing in Bank denied.