[S. F. No. 5332. Department Two.—September 29, 1910.]

In the Matter of the Estate of JAMES W. MILLER, Deceased.

ESTATE OF DECEASED PERSON—TESTAMENTARY DISPOSITION OF ESTATE LESS THAN ONE THOUSAND FIVE HUNDRED DOLLARS IN VALUE.—Section 1469 of the Code of Civil Procedure, providing for the setting aside of an estate not exceeding one thousand five hundred dollars in value, for the use and support of the family of the deceased, is a limitation upon and controls the general power of testamentary disposition conferred by section 1270 of the Civil Code.

ID.—WIDOW NOT MEMBER OF FAMILY — DISTRIBUTION UNDER SECTION 1469 OF CODE OF CIVIL PROCEDURE.—A widow is entitled to distribution of an estate of her husband not exceeding one thousand five hundred dollars in value, under section 1469 of the Code of Civil Procedure, only when she is a member of his family, that is to say, when she has been in the receipt of, or in law entitled to demand of him a maintenance before his death.

ID.—EVIDENCE OF STATUS OF WIDOW—ABANDONMENT.—On an application by the widow to have such an estate set aside to her, when her membership in the family is disputed, evidence tending to determine her *status* as a member of the family, is both pertinent and necessary, and it is error to exclude evidence tending to show that she had lost such *status* by her abandonment of the deceased.

APPEAL from an order of the Superior Court of Mendocino County setting aside an estate of a decedent to his widow. J. Q. White, Judge.

The facts are stated in the opinion of the court.

T. J. Weldon, W. D. L. Held, and Arthur J. Thatcher, for Appellant.

Mannon & Mannon,. for Respondent.

HENSHAW, J.—James W. Miller died testate. The inventory and appraisement showed the value of his estate to be less than one thousand five hundred dollars. His widow applied to the court for an order and decree vesting the whole estate in her, under the provisions of section 1469 of the Code of Civil Procedure. Her application was contested by a legatee under the will, appellant herein. The will was offered in evidence upon the hearing. It contained the following declaration: "As my said wife Jennie W. Miller has refused and neglected to live with me as a wife for several years last past and has totally abandoned me, I give and bequeath to her the sum of five dollars and no more." Certain evidence was offered and certain questions propounded, designed to establish the fact indicated by the declaration in the will. To all of this objections were made and sustained. The formal proposition presented for determination is the correctness of the court's ruling in this regard. But, underlying this, the essential questions are. 1. Does the testamentary power conferred by section 1270 of the Civil Code control the provisions of section 1469 of the Code of Civil Procedure, or is section 1469 of the Code of Civil Procedure a controlling limitation upon the general power of testamentary disposition; 2. Is ·a widow by virtue of her widowhood alone, entitled to distribution under section 1469 of the Code of Civil Procedure, or must she, to be so entitled, have been of the family of the deceased at the time of his death?

1. Upon the first proposition we entertain no doubt but that section 1469 of the Code of Civil Procedure controls the general power of testamentary disposition conferred by section 1270 of the Civil Code. It was so declared in *Estate of Walkerly,* 108 Cal. 627, 653, [49 Am. St. Rep. 97, 41 Pac. 772], in the following language: "The code provisions making disposition of the homesteads and of estates in value less than fifteen hundred dollars are instances of the limitations put by the legislature upon the free power of testamentary disposition." While in strictness this language in the Walkerly case is *obiter dictum,* its construction of the statutes in this regard is clearly just and sound. The law, careful always of the rights of the family, by section 1469 shows a tender regard for it

when the bread winner is taken by death, leaving but a small estate for the support of those dependent upon him; and so it has with wisdom and humanity decreed that under such circumstances the husband and father may not will it away from the family, but that it shall go to them expeditiously and without delay in administration.

2. Section 1469 is found in chapter 5 of article I of the Code of Civil Procedure under the specific title of "Provision for the support of the family." The word "family" as thus used has received at the hands of this court exact definition—a definition narrower than that which Woerner gives (1 Woerner on American Law of Administration, 2d ed., sec. 88), but none the less a just and reasonable definition under our law. In *In re Noah,* 73 Cal. 580, [2 Am. St. Rep. 829, 15 ·Pac. 290], this court quotes with approval the following: "It is an allowance made to the family. . . . I think that the statute was intended to embrace those who were the immediate family of the deceased; those who were by law entitled up to his death to look to him for support and protection. . . . Yet any person to be entitled to an allowance out of the estate, must have been in receipt of, or in law entitled to demand of deceased, maintenance before his death. (*Byrnes' Estate,* Myrick's Prob. Rep. 1.)" Section 1469 of the Code of Civil Procedure provides as follows: ."If, upon the return of the inventory of the estate of the deceased person, it shall appear therefrom that the value of the whole estate does not exceed the sum of $1500, and if there be a widow or minor children of the deceased, the court, or a judge thereof, shall, by order, require all persons interested to appear on a day fixed, to show cause why the whole of said estate should not be assigned for the use and support of the family of the deceased. . . . If, upon the hearing the court finds that the value of the estate does not exceed the sum of $1500, it shall, by decree for that purpose assign to the widow of the deceased, if there be a widow, if no widow, then to the minor children of the deceased, if there be minor children, the whole of the estate." It will thus be noted that this section is not only found under the sub-title of "Provision for the support of the family," but itself declares that where the estate is apparently of less value than one thousand five hundred dollars notice shall be given to show cause "why the whole of said estate should not be assigned for the use and

support *of the family* of the deceased. When provision is made
that the estate shall be assigned to the widow, if there be a
widow and no minor children, it is manifest from the context
and from the title to the chapter that it means that it shall
be assigned to the widow, when she thus constitutes the *family*
of the deceased, and to her and the minor children when to-
gether they constitute the *family* of the deceased. Thus it is
said in *Estate of Neff,* 139 Cal. 71, [72 Pac. 632] : "Taking
all the code sections together, and considering the regard
which the law has for the interests of the family, it was clearly
the intention of the legislature that small estates under $1500
shall go immediately to the family without further administra-
tion." And it is declared in *Phelan* v. *Smith,* 100 Cal. 158, [34
Pac. 667], that where a decree sets apart a homestead for "the
use of the family of the deceased" without mentioning the
widow and children, it will be construed as using the term
"family" in the sense of the statute providing for homesteads,
to denote the surviving wife and children.

While the precise question whether a widow, who was not at
the time of her husband's death a member or part of his family,
is entitled to distribution under section 1469 of the Code of
Civil Procedure has never arisen in this state, nevertheless
under similar statutes pertaining to the homestead, and in
other states under like statutes making provision for the main-
tenance or support of the family, the rule of decision has been
uniform that the widow, to take, must come within the defini-
tion of "family," must have been a member thereof, or at least
must, without fault of her own, have been entitled to main-
tenance and support from the husband during his lifetime.
Thus in *Wickersham* v. *Comerford,* 96 Cal. 433, [31 Pac. 358],
it was held that a wife separated from her husband by agree-
ment of separation whereunder each spouse surrendered his
or her claims upon the other for support or sustenance, ceased
to be a member of his family, and was therefore not entitled
to family allowance under sections 1465, 1466, and 1468 of the
Code of Civil Procedure, nor to a homestead, even for a
limited period, the court in this connection saying : "and since
I think the setting apart of a homestead by the court from
the separate property of the husband, as required by section
1465, 'for the use of the surviving . . . wife and the
minor children; or . . . for the use of the minor children,'

means the setting of it apart for the temporary use of the *family* in the sense in which the word 'family' is used in sections 1466 and 1468, it follows that the surviving wife is not entitled to such homestead unless she had been a member of her husband's family immediately before and at the time of his death." And in *In re Noah,* 73 Cal. 583, [2 Am. St. Rep. 829, 15 Pac. 287], where the wife had voluntarily separated from her husband, and in consideration of money paid to her had waived all her marital claims, and had continued to live apart from him without any attempt to set aside the agreement or to assume again their marital relations, or to demand from him further support, it was ruled that she had ceased to be a member of his family, and upon the husband's death was not entitled to a family allowance under sections 1465 and 1466 of the Code of Civil Procedure. In other jurisdictions the rule of decision is so uniform that it is embodied in the following declaration in 18 Cyc. 393: "The special allowance to a widow is usually denied where she was not living in a family relation with her husband at the time of his death unless her separation was involuntary and through no fault of hers or was based upon reasons constituting a sufficient ground for divorce." (See, also, *Linton* v. *Crosby,* 56 Iowa, 386, [41 Am. Rep. 107, 9 N. W. 311]; *Booth Mercantile Co.* v. *Murphy,* 14 Idaho, 212, [93 Pac. 777]; *Hettrick* v. *Hettrick,* 55 Pa. St. 290; *Goss* v. *Harris,* 117 Ga. 345, [43 S. E. 734].)

Under the views thus expressed, namely, that the widow is entitled to distribution under 1469 only when she is a member of the family of the deceased, that is to say, when she has been in the receipt of or in law entitled to demand of the deceased a maintenance before his death, it necessarily follows that the determination of the *status* of the widow in this regard, when her membership in the family is called in question, is always pertinent and indeed necessary. Section 175 of the Civil Code declares that "a husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified, by his misconduct, in abandoning him; nor is he liable for her support when she is living separate from him, by agreement, unless such support is stipulated in the agreement."

It follows, therefore, that the evidence sought to be introduced by appellant, tending to determine the *status* of the widow as a member of the deceased's family, was improperly

rejected, and for this reason the decree appealed from is reversed and the petition for distribution to the widow remanded for a new hearing, in accordance with the views herein expressed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.