[S. F. No. 9058.   Department Two.—August 8, 1919.]

In the Matter of the Estate of FRANK H. GOULD, Sometimes Known as F. H. GOULD, Deceased. E. B. GOULD, Special Administrator of the Estate of FRANK H. GOULD, Deceased, Appellant, v. NETTIE GOULD, Respondent.

[1] ESTATES OF DECEASED PERSONS — FAMILY ALLOWANCE — RIGHT OF WIDOW.—Under section 1464 of the Code of Civil Procedure, when a person dies leaving a widow, such widow is entitled to a reasonable provision for her support to be allowed by the superior court, and such provision is not conditioned upon her having lived in a family relation with the deceased at the time of his death.

[2] ID.—FAMILY ALLOWANCE FAVORED — DECREE DIVIDING COMMUNITY PROPERTY—CONSTRUCTION.—The widow's claim to a family allowance is strongly favored, and in construing a decree dividing the property of the community between the spouses, her right to such allowance should not be held to have been surrendered except by clear and explicit language, and care should be taken to avoid a construction of the decree so as to make it apply to rights which the proceeding was not intended to adjudicate.

[3] ID.—DECREE OF DIVORCE — DIVISION OF COMMUNITY PROPERTY — ASSIGNMENT TO HUSBAND FREE OF ALL CLAIM OF WIFE—FAMILY ALLOWANCE NOT INCLUDED.—The assignment and allotment to the husband in a decree of divorce of certain community property "free and clear of all claim" of the wife, does not cover a claim for family allowance upon the husband's death, where from a consideration of the whole decree it appears that the subject matter of the adjudication was the presently existing rights of the spouses in the property of the community.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a family allowance. Thos. F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Freeman and Walter E. Drobisch for Appellant.

Joseph A. Brown, Elmer E. Robinson, Fabian D. Brown and Robinson & Brown for Respondent.

LENNON, J.—This is an appeal by E. B. Gould, a special administrator of the estate of Frank H. Gould, deceased, from an order allowing respondent, Nettie Gould, the widow of the deceased, the sum of $75 a month as a family allowance.

On January 19, 1918, the superior court of the city and county of San Francisco granted to Nettie Gould an interlocutory decree of divorce from Frank H. Gould, upon a cross-complaint filed by her in an action instituted by the said Frank H. Gould. This decree required the plaintiff, Frank H. Gould, to transfer to the respondent herein certain property, real and personal, it being at the same time ordered that "All other property of said community, real, personal or mixed, and of every description, is hereby assigned and allotted to the plaintiff, Frank H. Gould, free and clear of all claim of the defendant [Nettie Gould]."

Frank H. Gould died on January 26, 1918. On March 1, 1918, Nettie Gould made her application to the superior court of the city and county of San Francisco for a family allowance. The application was resisted on the ground that Nettie Gould had not been for many years in fact a member of the family of Frank H. Gould, and, moreover, that Frank H. Gould died possessed of no property save that which had formerly been the property of the community and which had been awarded to him free and clear of all claim of Nettie Gould including, so it is contended, her claim for a family allowance. On March 12, 1918, the court made the order appealed from allowing Nettie Gould a family allowance beginning with February 1, 1918, and continuing until further orders of the court.

[1] When a person dies leaving a widow under section 1464 of the Code of Civil Procedure, such widow is entitled to a reasonable provision for her support to be allowed by the superior court or a judge thereof. This provision is not conditioned upon her having lived in a family relation with her husband at the time of his death. It follows, therefore, that the right of Nettie Gould to a family allowance must be determined independently of the circumstance that she had not lived with Frank H. Gould for some years prior to his decease. (*Farris* v. *Battle*, 80 Ga. 187, [7 S. E. 263], approved in *Smith* v. *Smith*, 112 Ga. 351, [37 S. E. 407]; *King* v. *Executor of King*, 64 Mo. App. 301.)

At the time of the death of the decedent, Nettie Gould was his wife. She is now entitled to such rights as the law confers upon her, under the circumstances, as his widow, including the right to a family allowance unless the property of the community awarded to the decedent was allotted to him free and clear of all claim by her, including the claim to a family allowance. (*Estate of Dargie*, 162 Cal. 53, [112 Pac. 320].)

In the *Estate of Whitney*, 171 Cal. 750, [154 Pac. 855], Mr. Justice Sloss, speaking on behalf of this court, said: "The widow's claim to a family allowance is strongly favored in our law. . . . A will may, of course, be so drawn as to put the widow to her election between taking the benefits given her by the testator and claiming her right of a family allowance. So, too, the wife may, by agreement, surrender the privilege of applying for an allowance. Whether the right to demand an allowance is inconsistent with the will, or has been surrendered, is a question of interpretation of the will or the contract. In the case of a contract, we think the right should not be held to have been surrendered by an agreement between the spouses 'except by clear and explicit language.' "

[2] In reason, the same principle should apply in construing the decree of a court dividing the property of the community between the spouses, the additional precaution being taken to avoid construing the decree so as to make it apply to rights which the proceeding was not intended to adjudicate.

In the *Estate of Whitney*, *supra*, the wife "waived all claims to her share of the community property and any and all other claims that she might have upon any of the estate

disposed of by the said will." The will assumed to dispose of the entire estate of the husband. After careful consideration of the authorities in this state and other jurisdictions, the court decided that the wife had not waived her right to a family allowance. In view of the similarity of the language involved in that and in the instant case, this decision is entitled to great weight. An examination of the cases wherein it has been held that the wife had waived her statutory rights as widow reveals the fact that in each case the words used clearly imported an intention to surrender the very right afterward claimed. In the *Matter of Noah*, 73 Cal. 583, [2 Am. St. Rep. 829, 15 Pac. 287], the wife agreed to relinquish "all her marital claims." In *Wickersham* v. *Comerford*, 96 Cal. 433, [31 Pac. 358], the wife relinquished all rights *as wife* in law or equity or by descent. In the *Matter of Yoell*, 164 Cal. 540, [129 Pac. 999], the language was even more explicit. It is true that the *Estate of Lufkin*, 131 Cal. 291, [63 Pac. 469], stands for the proposition that the word "claim" is sufficiently broad to include the statutory claim for a family allowance. But that case merely supports the conclusion that the words "free and clear of all claim of the defendant" contained in the decree here in question would, standing alone, cover a claim for a family allowance. We are bound, however, to construe these words not independently but in relation with the context in which they are found and in the light of the circumstances under which they were used. The preceding portions of the decree clearly and unmistakably indicate the subject matter of the adjudication as the presently existing rights of the spouses in the property of the community. The first five clauses of the decree, which thus identify the rights to be determined, are followed by the general terms of the clause in question. "The general language of this clause must be held to relate to rights and interests of the same nature and description with those that have been already mentioned. The clause is in the nature of a 'sweeping clause,' and its use and object was to guard against accidental omissions; and the rule of construction in such cases is that the 'general words are restrained by the subject matter.' " (*Mahaffy* v. *Mahaffy*, 63 Iowa, 55, [18 N. W. 685].) [3] Construing, then, the general words "free and clear of all claim of the defendant" as restrained by the subject matter, that is to say,

the presently existing rights of the spouses in the property of the community, we are constrained to hold that they were not intended to and do not cover a claim for family allowance. It follows that the court did not err in granting the respondent's application for a family allowance.

The view which we have taken of the case makes it unnecessary for us to consider the question whether or not Frank H. Gould died possessed of any property save that which had formerly been the property of the community.

The order appealed from is affirmed.

Wilbur, J., and Melvin, J., concurred.

Hearing in Bank denied.

All the Justices concurred.