[L. A. No. 7815. In Bank.—March 12, 1924.]

In the Matter of the Estate of CHARLES A. PARKINSON, Deceased. IDA J. PARKINSON, Appellant; MARY E. PARKINSON, Respondent.

[1] ESTATES OF DECEASED PERSONS—NONRESIDENCE OF WIDOW—EFFECT UPON FAMILY ALLOWANCE — SECTION 1466, CODE OF CIVIL PROCEDURE.—The fact that a widow, through no fault on her part, but wholly through fault on the part of her deceased husband, was separated from him and a nonresident of this state at the time of his death, does not prevent her from being entitled to the allowance permitted under the terms of section 1466 of the Code of Civil Procedure.

[2] ID.—WIDOW NOT LIVING IN FAMILY RELATION AT TIME OF HUSBAND'S DEATH—RIGHT TO ALLOWANCE UNAFFECTED BY.—In the absence of a showing that the wife has either by her conduct lost, or by her agreements waived, her statutory rights as a widow, she is entitled under the provisions of section 1466 of the Code of Civil Procedure to a family allowance upon her husband's death, even though she was not living in the family relation with him at the time of his death.

APPEAL from an order of the Superior Court of Los Angeles County granting family allowance to widow. L. H. Valentine, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Stewart & Stewart for Appellant.

Ernest K. Maine, Albert Sidney Brown and Robert J. Adcock for Respondent.

RICHARDS, J.—This is an appeal from an order of the probate court granting the petition of Mary E. Parkinson, the widow of Charles A. Parkinson, deceased, for an allowance for her support out of his estate. The appellant, Ida J. Parkinson, is a sister of the decedent and the residuary legatee under his will, and upon the hearing upon said petition she contended, and she also contends upon this appeal,

---

1. Right of nonresident widow to statutory allowance out of decedent's estate, note, 21 L. R. A. 241.

that said order was improper and erroneous for the reason that the petitioner, though admittedly the widow of the decedent, was not and had never been, at the time of his death, a resident of the state of California; and for the further reason that she was not at the time of the decedent's death a member of the family of decedent, and for each and both of these reasons was not a person entitled to such allowance within the terms of the statutes providing for the same. The facts of the case are undisputed. Prior to the year 1912 the decedent, Charles A. Parkinson, and his wife, Mary E. Parkinson, resided in the state of Michigan, but had not lived together there for several years previous to that date. He had, in fact, in the year 1900 brought an action against her for divorce in the courts of that state, which suit he lost. They did not live together after that time, but the decedent associated with other women and otherwise so conducted himself as to render it impossible for his wife to live with him. This state of things continued until about the year 1912, when he left the state of Michigan and came to reside in California. During all these years his wife was and has ever since been in poor health and dependent upon her friends and relatives for support. In the year 1915 she brought an action against her husband in the courts of Michigan for separate maintenance and obtained a decree therein requiring him to pay the sum of $100 a month toward her support. This sum he never fully paid, although there is evidence that he thereafter sent her the sum of three dollars a week. He died in California on April 7, 1921, leaving a will wherein he disposed of his estate to the exclusion of his wife, which will was duly admitted to probate and an inventory and appraisement filed showing the assets of his estate to consist of personal property of the appraised value of $5,175.07. Shortly after his death his widow came to California and has since resided in this state. Not long after her arrival she presented a claim against his said estate for the sum of $7,200, alleged to be the balance due her on account of her said judgment for separate maintenance, which claim being disallowed by the executor, she brought suit to establish the same, which action is still pending. Thereafter and on April 9, 1923, she filed her petition for an allowance as his widow out of said estate, which application the court granted in the sum

of $75 per month from the date of the filing of the inventory; and it is the order granting the same which forms the subject of this appeal.

The sections of the Code of Civil Procedure relating to the making of provision for the comfort and support of the surviving spouse and minor children of a decedent· are sections 1464, 1465, and 1466 of that code. The first of these sections provides that when a person dies leaving a widow or minor children, the widow or children, until letters are granted and the inventory is returned, are entitled to remain in possession of the homestead, etc., and are entitled to a reasonable provision for their support, to be allowed by the court or a judge thereof. The next section provides that upon the return of the inventory, or at any subsequent time during the administration, the court may, upon petition therefor, set apart, to the use of the surviving husband or wife, or in the case of his or her death, to the minor children of the decedent, all property exempt from execution, including the homestead; and makes provision for the selection of a homestead for the use of the surviving husband and wife and minor children, in case none had been selected and set apart by the survivor in his or her lifetime. Section 1466 provides that if the property thus set apart is insufficient for the support of the widow and children, or either, the court or a judge thereof must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances during the progress of the settlement of the estate. The application of the respondent herein for an allowance out of said estate was made under section 1466 of the Code of Civil Procedure, there having been no real property in said estate and no provision therefor having been made or possible for the setting apart of a homestead.

The first contention of the appellant is that section 1466 of the Code of Civil Procedure must be read in connection with the sections of said Code which immediately precede it, and that so read it must be construed as permitting an allowance to such person or persons only as would have been entitled to have a homestead set apart; and that since the respondent herein was not, at the date of the death of the decedent, a resident of the state of California, and had never prior thereto been such resident of the state, she

could not have been entitled to have a homestead set apart to her, and hence was not, by virtue of her status as a non-resident, entitled to an allowance for her support out of said estate during the period of administration. In making this contention the appellant in the first instance relies upon certain language used by this court in the *Matter of Es-. tate of Whitney,* 171 Cal. 754 [154 Pac. 855], wherein the court stated that the right of a widow to an allowance "stands upon the same footing as her right to a homestead." A reading of the entire opinion in that case, however, shows that the court had no such question before it as is presented in this case, and that it had no intention, in the use of the language above quoted, to limit the right of widows to an allowance to those persons only who would have been entitled to have homesteads set apart to them; or in other words, that the widow's right to an allowance was dependent upon whether she was a resident of California at the date of the decedent's death. The language of section 1466 of the Code of Civil Procedure does not itself make or import any such limitation unless the same is to be implied from the use of the word "family" in said section, which will be considered later in connection with the appellant's second point upon this appeal. The cases from other states upon which the appellant further relies in support of her first point upon this appeal do not support her claim that the widow, in order to be entitled to this allowance, must have been a resident of California at the date of the decedent's death. These cases (*Spiers' Appeal,* 26 Pa. St. 223; *Barber* v. *Ellis,* 68 Miss. 172 [2 South. 390]; *Platt's Appeal,* 80 Pa. St. 504; *Krumenacker* v. *Andis,* 38 N. D. 500 [165 N. W. 524]), turn upon the particular facts in each case, which are either that the widow seeking an allowance had voluntarily chosen, without fault on the part of her husband, to reside permanently in another state or country, or was living separate and apart from the husband and in another state voluntarily and under an agreement of separation which destroyed the family relation. Some of these very cases which the appellant cites point out the distinction which should be given emphasis in this case; as, in the case of *Grieves Estate,* 165 Pa. 126 [30 Atl. 727], cited in *Krumenacker* v. *Andis, supra,* it was said respecting the widow seeking the allowance: "It was no fault of her's

that she was not a member of his household at his death. It was his illegal acts and bad faith which excluded her from it. In contemplation of law the family relation still existed and his domicile was her's. Why then should she be denied the exemption which the law allows to his widow?" In the case of *Platt's Appeal, supra,* the decision of the court was put upon the ground that the separation of the wife from her husband and her residence in another state was voluntary and that there was no evidence that she had ever done anything to maintain the family relation. The distinction between the cases relied upon by the appellant and the case at bar is clear. In this case the original separation between this husband and wife in the state of Michigan was brought about by his institution of an action for divorce against her, which he lost, and, we must assume, rightly lost. His conduct thereafter in consorting with other women and in other ways made it impossible for his wife to live with him. Finally he left her, ill and unsupported, in the state of Michigan, and came to California, and after a while she was obliged to bring suit against him there for separate maintenance without divorce, which the court awarded her, but with the judgment in which he in the main failed to comply, and finally died in California, leaving that judgment almost wholly unsatisfied. Then it was that his wife, herself in no fault for the severance of the family relations, came to California in an effort to enforce her rights as his widow in and to such portions of his estate as the law would accord her. In the case of *Estate of Whitney, supra,* this court said: "The widow's claim to a family allowance is strongly favored in our law." (Citing *In re Lux,* 100 Cal. 593 [35 Pac. 341]; *Estate of Welch,* 106 Cal. 427 [39 Pac. 805], and *Estate of Cowell,* 164 Cal. 636 [130 Pac. 209].) [1] We see no reason in either the language of the statute or in the policy of the law for holding that this widow is not entitled to the allowance permitted under the terms of section 1466 of the Code of Civil Procedure merely because she was, through no fault on her part, but wholly through fault on his part, separated from her husband and a nonresident of California at the time of his death.

[2] The appellant's second contention is that the use of the word "family" in section 1466 of the Code of Civil

Procedure gives rise to the implication that the allowances under that section are to be confined to cases where an actual family status existed at the date of the decedent's death. We can see no reason for giving any such restricted significance to the use of that phrase in that section, nor, in fact, in making any distinction between the application of section 1464 and section 1466 of said code in that regard. Both of these sections are dealing with the support of the widow and minor children, if any, of the decedent, the one before and the other after the return of the inventory. In the case of an application made under section 1464 of the Code of Civil Procedure this court held, in the *Matter of Estate of Gould*, 181 Cal. 11 [183 Pac. 146], that the right of a widow to a reasonable provision for her support under section 1464 of the Code of Civil Procedure was not conditioned upon her having lived in a family relation with the deceased at the time of his death. In so holding this court reviewed the earlier cases in this state involving this very question and wherein it was held that in the absence of a showing that the wife had either by her conduct lost, or by her agreements waived, her statutory rights as a widow, she was entitled to a family allowance upon her husband's death, even though she was not living in the family relation with him at the time of his death. We can perceive no reason why this principal should not be given a like application to the provisions of section 1466 of the Code of Civil Procedure and to applications for family allowances made thereunder. It follows that the trial court was not in error in making its order for a widow's allowance from which this appeal has been taken.

Order affirmed.

Myers, J., Lawlor, J., Lennon, J., Seawell, J., Waste, J., and Wilbur, C. J., concurred.