[Civ. No. 7956. Second Appellate District, Division One.—October 19, 1931.]

In the Matter of the Estate of ROBERT T. HALE, Deceased. ROSETTA HALE, Appellant, v. CITIZENS NATIONAL TRUST AND SAVINGS BANK, Executor, etc., et al., Respondents.

Edward W. Forgy for Appellant.

Hedley Richmond, William H. Robinson and A. C. Routhe for Respondents.

BISHOP, J., *pro tem.*— ■ We believe that appellant's petition that a homestead be selected and set apart for her use, that the exempt personal property be set aside for her use and that she be granted an allowance for her support should have been acted upon favorably. Appellant is the widow of the decedent whose estate is being administered. An inventory of the estate had been returned, fixing the value of the exempt property as $166.50, and of the property sought as a homestead as $1750. The property which appellant wants awarded to her as a homestead is fit for such a purpose, for it was formerly the residence of herself and the decedent. Whether or not, on such a showing, a petition to have the three orders made as sought should be granted is not a matter of discretion with the court, but is a mandate of the statute. (Secs. 1465 and 1466, Code Civ. Proc. [now sections *660, 680,* Probate Code]; *Estate of Ballentine,* (1873) 45 Cal. 693; *In re Lux,* (1893) 100 Cal. 593 [35 Pac.

341]; *Estate of Barkley,* (1928) 91 Cal. App. 388 [267 Pac. 148], and cases cited.)

Respondents resisted the petition, and now defend its denial, on the fact that for some time previous to the death of her husband appellant was living apart from him. After living together some twenty-six years appellant left him for reasons which do not appear, and brought an action for separate maintenance. In 1926 an order was made that he pay her $60 per month for her support, during the pendency of the action, an order that he complied with up to his death. These facts come far from constituting an obstacle to the relief sought by the petition. Nowhere does is appear that she surrendered any claim she might have in his estate or as his wife. The contrary appears. Nor does the fact that she was not living with him at the time of his death affect her right to the orders she seeks. This case is controlled not by *In re Noah,* (1887) 73 Cal. 583 [2 Am. St. Rep. 829, 15 Pac. 287, *Wickersham* v. *Comerford,* (1892) 96 Cal. 433 [31 Pac. 358], *Estate of Lufkin,* (1901) 131 Cal. 291 [63 Pac. 469], *Estate of Bose,* (1910) 158 Cal. 428 [111 Pac. 255], *Estate of Miller,* (1910) 158 Cal. 420 [111 Pac. 255], and *Estate of Yoell,* (1913) 164 Cal. 540 [129 Pac. 999], but falls within the principles recognized in *Eproson* v. *Wheat,* (1879) 53 Cal. 715, *Estate of Gould,* (1919) 181 Cal. 11 [183 Pac. 146], *Estate of Parkinson,* (1924) 193 Cal. 354 [224 Pac. 453], *Estate of Henningsen,* (1926) 199 Cal. 103 [247 Pac. 1082], and *Estate of Ehler,* (1931) 115 Cal. App. 403 [1 Pac. (2d) 546].

Some point is also made of the provision of the order in the separate maintenance action that she could take some of the family furniture for her separate use. It does not appear that this is the exempt property she now seeks, but if it is, we fail to see how what has transpired defeats her right to it now. Nor is there any significance to be attached to the quitclaim deed from appellant to the decedent covering the property now sought as a homestead, beyond the possibility that it thereby became his separate property. (*Paduveris* v. *Paris,* (1931) 213 Cal. 169 [1 Pac. (2d) 986].) Whether it did or not will depend upon the view of the evidence taken by the trial court on a retrial. Whether found to be his separate property or to be community prop-

erty, it must be set aside as a homestead. (Sec. 1465, Code Civ. Proc. [now sec. 660, Probate Code].)

The judgment appealed from is reversed.

Conrey, P. J., and Houser, J., concurred.