[Civ. No. 5392. Third Appellate District.—July 22, 1935.]

In the Matter of the Estate of WILLIAM FOREST FULTON, Deceased. S. G. FULTON, Appellant, v. LOUISA J. FULTON, Respondent.

W. Coburn Cook for Appellant.

L. L. Dennett, R. V. Wilcox and Dennett & Zion for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by S. G. Fulton from an order of the court allowing the petitioner, the widow of said deceased, $50 per month for her support during the administration of the estate of said deceased. The order of the court recites the admission of evidence, both oral and documentary, taken on the hearing of the petition for the allowance filed by Louisa J. Fulton, and after said hearing the court found as follows: "That the said Louisa J. Fulton is the widow of said Forest Fulton, deceased, and that she is entitled to an allowance out of the property of said decedent for her maintenance and support; that the sum of $50.00 per month is a reasonable amount under the circumstances of said widow, and under the conditions of the estate to be allowed her monthly for her support and maintenance."

Upon this appeal the following specifications are urged as grounds for reversal of the order:

1. The evidence shows that Louisa J. Fulton is not entitled to a family allowance, for the reason that she deserted the decedent in 1928, and never returned to him;

2. That she is bound by the contract, namely, the judgment, and that by it, it is determined that she is no longer entitled to support, nor has she any right of inheritance.

3. That according to the judgment she is not the widow of the decedent; that the executor is entitled to have the final decree entered in the divorce action.

After the introduction of testimony showing the marriage relation existing between the petitioner, Louisa J. Fulton, and William Forest Fulton at the time of his death, the appellant introduced an interlocutory judgment of divorce, which judgment adjudged that William F. Fulton was entitled to a decree of divorce from Louisa J. Fulton on the grounds of desertion. This decree bears date June 7, 1932.

In the division of property set forth in the interlocutory decree we find the following: "William Fulton, (also known as William F. Fulton, also known as W. F. Fulton), is the owner in fee of the following described parcels of real property, and each of them, together with all improvements and appurtenances, free from any claim of any nature whatsoever of Louisa Fulton."

There is not one word of testimony in the record showing that Louisa J. Fulton deserted the decedent in 1928, and never returned to him. The record shows no entry of a final decree of divorce, but does show the death of William Forest Fulton after the entry of the interlocutory decree. ██ The petition for the allowance sets forth that the petitioner was the wife of the deceased at the time of his death. The respondent in her brief alleges that after the entry of the interlocutory decree, an appeal therefrom was taken to the Supreme Court. The fact of such appeal not having been made a record in this case, it could not be considered either in the trial court, or by us upon the present appeal.

While it is true that courts take judicial notice of their own records, this does not apply to records made in other cases in the same court. In *Sewell* v. *Price,* 164 Cal. 265 [128 Pac. 407], the ruling is as follows: After stating that courts will take judicial notice of their own records, it is said: "But the rule is limited to proceedings in the same case. It is well settled that courts cannot in one case take judicial notice of other records in another and different case. (16 Cyc. 1918; *People* v. *De La Guerra,* 24 Cal. 73; *Lake Merced Water Co.* v. *Cowles,* 31 Cal. 214, 215; *Ralphs* v. *Hensler,* 97 Cal. 296 [32 Pac. 243].)"

██ The bill of exceptions in this case, which was settled by stipulation of counsel, does not specifically set forth that it includes all of the testimony, which enforces the rule that where the bill of exceptions shows nothing to the contrary and does not specifically show that no other testimony was

introduced, it will be presumed that there was sufficient testimony introduced to support the order of the court.

As we have said, the court found that Louisa J. Fulton was the widow of the deceased, and that she was entitled to an allowance. Therefore, it must be presumed that testimony to support the findings of both of such facts was introduced.

■    The appellant bases his argument on specification No. 1 which we have set forth herein. There is nothing in the record to support such an argument. In support of his argument our attention is called to the case of the *Estate of Miller,* 158 Cal. 420 [111 Pac. 255], where it was sought to introduce oral testimony to the effect that the widow was not a member of the family of the deceased at the time of his death. Such testimony was held inadmissible by the trial court. Upon appeal the Supreme Court said: "It follows, therefore, that the evidence sought to be introduced by appellant, tending to determine the status of the widow as a member of the deceased's family, was improperly rejected, and for this reason the decree appealed from is reversed and the petition for distribution to the widow remanded for a new hearing, in accordance with the views herein expressed." That such testimony, if it existed, should have been introduced in this case is supported by the holding of the court in the Miller case. The fact that an interlocutory decree of divorce was entered on June 7, 1932, does not show that the petitioner was not a member of the family of the deceased on the twenty-first day of December, 1933, if such showing were necessary.

■    The second ground for reversal urged by the appellant is based upon the language of the decree which we have quoted, awarding certain property to William Forest Fulton. The decree itself does not purport to dispose of all of the property which might have been the community property of William Forest Fulton and Louisa J. Fulton, but if it be assumed that no other property was owned by William Forest Fulton, the decree does not in terms deprive Louisa J. Fulton of her marital rights as against the estate of William Forest Fulton, deceased. The language in the instant case is no different in substance and effect from that found in the interlocutory decree mentioned in the *Estate of Gould,* 181 Cal. 11 [183 Pac. 146], to wit: "All other property of said community, real, personal or mixed, and of every description is hereby assigned and allotted to the plaintiff, Frank H.

Gould, free and clear of all claim of the defendant.'' The words ''free and clear of all claim of the defendant'', just quoted, are no less comprehensive than the words ''free from any claim of any nature whatsoever of Louisa Fulton''.

Notwithstanding this language which we have quoted from the interlocutory decree mentioned in the *Estate of Gould, supra,* a family allowance was awarded to her on the theory that the language did not include the rights of a wife to a family allowance. The following quotation from the *Estate of Gould, supra,* we think conclusive as to appellant's second and third grounds of contest, to wit: ''When a person dies leaving a widow, under section 1464 of the Code of Civil Procedure, such widow is entitled to a reasonable provision for her support to be allowed by the Superior Court or a judge thereof. This provision is not conditioned upon her having lived in a family relation with her husband at the time of his death. It follows, therefore, that the right of Nettie Gould to a family allowance must be determined independently of the circumstance that she had not lived with Frank H. Gould for some years prior to his decease. (*Farris* v. *Battle,* 80 Ga. 187 [7 S. E. 262, 263]; approved in *Smith* v. *Smith,* 112 Ga. 351 [37 S. E. 407]; *King* v. *Executor of King,* 64 Mo. App. 301.) At the time of the death of the decedent, Nettie Gould was his wife. She is now entitled to such rights as the law confers upon her, under the circumstances, as his widow, including the right to a family allowance unless the property of the community awarded to the decedent was allotted to him free and clear of all claim by her, including the claim to a family allowance. (*Estate of Dargie,* 162 Cal. 51, 53 [121 Pac. 320].)''

That an interlocutory decree of divorce does not dissolve the marriage relation, we need only quote the following from 9 California Jurisprudence, page 757: ''The entry of an interlocutory decree does not dissolve the marriage relation, and the parties thereto remain in the legal relation of husband and wife until the marriage has been dissolved by the final judgment.''

In the *Estate of Ehler,* 115 Cal. App. 403 [1 Pac. (2d) 546], the court considering questions similar to ones here presented, quoted with approval the following language: ''Even if it were to be conceded, which it is not, that the appellant herein had established upon such hearing by practically un-

disputed evidence that the family status of the parties had been destroyed, it would not follow that the husband of the decedent must for that reason have been denied the rights he sought to assert under section 1465 of the Code of Civil Procedure. On the contrary, this court has held in *Estate of Gould,* 181 Cal. 11 [183 Pac. 146], and also in *Estate of Parkinson,* 193 Cal. 354 [224 Pac. 453], that the rights of the surviving spouse created under the provisions of sections 1464, 1465 and 1466 of the Code of Civil Procedure were not conditioned upon the existence of the family status at the date of the decedent's death.'' This quotation is taken from the *Estate of Henningsen,* 199 Cal. 103 [247 Pac. 1082].

In support of the law which we have herein set forth we may cite further the cases of *Estate of Hale,* 117 Cal. App. 545 [4 Pac. (2d) 263]; *Leavitt* v. *Leavitt,* 134 Cal. App. 145 [24 Pac. (2d) 910]. Other cases might be cited, but these we deem sufficient.

Under section 680 of the Probate Code the widow is specifically mentioned as being entitled to a reasonable allowance during the settlement of the estate.

The order is affirmed.

Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1935.