[Civ. No. 5634. Third Appellate District.—August 14, 1936.]

In the Matter of the Estate of WINFIELD AMOS FORE-
MAN, etc., Deceased. W. A. STEWART, a Creditor,
etc., Appellant, v. FLORENCE WAYNE FOREMAN,
Respondent.

A. W. Brunton for Appellant.

Paul R. Hutchinson for Respondent.

THOMPSON, J.—W. A. Stewart, a creditor of the Estate of Winfield A. Foreman, deceased, has appealed from an order granting Florence Wayne Foreman, widow of the deceased, a family allowance under the provisions of section 680 of the Probate Code.

The testimony adduced at the hearing of the petition for family allowance is not before this court. The transcript on appeal contains only the documents incident to that procedure.

Winfield Amos Foreman, a resident of the state of New York, died February 10, 1932. He left surviving him his widow, Florence Wayne Foreman, who is the petitioner in this proceeding. At the time of his death the spouses were living apart. They were not divorced. He was possessed of an estate of great value, including 470 shares of stock of the Citizens National Trust & Savings Bank of Los Angeles, California. The transfer tax department of New York appraised it at the sum of $243,693.47. By the terms of a written agreement between the spouses, the wife received a monthly allowance of $1250 to the time of his death. Upon proceedings duly had in the surrogate court of New York, the will of the deceased was admitted to probate. Upon

ancillary proceedings therefor, the will was admitted to probate in the Superior Court of Los Angeles County under the provisions of section 360 of the Probate Code, and Florence Wayne Foreman was appointed administratrix with the will annexed. Letters of administration were issued to her April 23, 1934. March 8, 1934, she filed a verified petition in the estate of her husband in the California court, praying for a family allowance in the sum of $1250 per month for her support, pursuant to section 680 of the Probate Code. The required statutory facts were alleged in the petition, including the allegations that the petitioner is the surviving widow of the deceased and resides at 8538 Cahuenga Terrace, Hollywood; that the entire estate consists of property of the value of more than $5,000,000, including 470 shares of stock of the Citizens National Trust & Savings Bank of Los Angeles. It does not appear that this petition for a family allowance was opposed. The petition was granted March 8, 1934, allowing the widow $1250 per month until the filing of the inventory in the estate. April 27, 1934, this appellant, W. A. Stewart, alleging himself to be a creditor of the estate by mesne assignment of claims, moved the California court, under the provisions of section 473 of the Code of Civil Procedure, to vacate the order for family allowance on the ground that it was made through mistake, inadvertence, surprise or excusable neglect. The motion was heard upon affidavits, and denied. Stewart gave notice of appeal from the order granting family allowance to the widow in the sum of $1250 per month, and from the order denying his application for relief under the provisions of section 473 of the Code of Civil Procedure.

It is contended that since the deceased and his wife were domiciled in the state of New York and were separated at the time of his death, the law will not authorize the widow to subsequently establish a residence in California and procure an order for family allowance in a superior court of this state based on ancillary probate proceedings; that since the will makes specific provisions in behalf of the widow, and the statutes of New York do not authorize the granting of a family allowance, the California courts are precluded from doing so on ancillary proceedings in this state. It is also asserted the amount which was granted the widow as family allowance is excessive.

■ Under the provisions of section 680 of the Probate Code, a widow who is not divorced, but is living apart from her husband at the time of his death, may, nevertheless, be entitled to family allowance for her support. This allowance is made for the maintenance of the family during the progress of the settlement of the estate. (*Estate of Parkinson,* 193 Cal. 354 [224 Pac. 453] ; *Estate of Fulton,* 8 Cal. App. (2d) 423 [48 Pac. (2d) 120] ; *Estate of Hale,* 117 Cal. App. 545 [4 Pac. (2d) 263] ; *Estate of Ehler,* 115 Cal. App. 403 [1 Pac. (2d) 546] ; 11A Cal. Jur. 505, sec. 367.)

It is asserted that because the widow was domiciled in the state of New York at the time of her husband's death, and for the reason that the New York statute does not authorize the granting of family allowance for the support of a surviving widow during the settlement of the estate, she is therefore precluded from subsequently acquiring a residence in California and securing such an order from the California court on ancillary probate proceedings. There is no evidence in the record before us that Florence Wayne Foreman was a resident of the state of New York at the time of the death of her husband, but it does appear that she was then living apart from him.

■ Assuming, without so deciding, that it was necessary for the California court to determine that the petitioner was a resident of California and not a resident of New York at the time of the death of her husband in order to authorize the granting of family allowance, we must assume that the evidence adduced at the hearing amply supports that finding for the reason that the testimony is not before us. (2 Cal. Jur. 877, sec. 514.)

■ For the same reason assigned in the preceding paragraph, we must also assume there was ample evidence to support the reasonableness of the amount of family allowance which was awarded the petitioner, and that it was therefore not excessive.

■ Under the provisions of section 680 of the Probate Code the California court was authorized to grant the widow of the deceased family allowance pending the settlement of the estate regardless of whether she was domiciled in the state of New York at the time of his death, since our statute provides for no such condition. It does appear that she was a resident of the state of California when the ancillary pro-

bate proceedings were prosecuted, and that personal property, to wit, 470 shares of the Citizens National Trust & Savings Bank of Los Angeles, was within the jurisdiction of that court.

There is some conflict of authorities on that subject in other jurisdictions, which may be reconciled by the difference in the language of the statutes of other states. But in this state, since the language of section 680 of the Probate Code provides for no such condition, we are of the opinion the widow is entitled to family allowance regardless of whether she was a citizen of New York at the time of the death of her husband. In 2 Bancroft's Probate Practice, page 1322, section 739, it is said in that regard:

"In California and Washington, it is held to be immaterial whether or not the widow is a resident of the state in which the administration is conducted, the only requirement being 'family' relationship to the decedent. . . .

" . . . Since the statute does not limit family allowance to estates of residents, no such limitation can be judicially imposed. A state within whose borders personal assets of a decedent are found clearly has the power to grant an allowance to the widow or orphan out of those assets, irrespective of the domicile of the husband or father at the time of his death. Although it is the general rule that the law of decedent's domicile controls as to the distribution of personalty, such law must yield where rights of orphans with respect to their statutory allowances are concerned and the orphans are resident at the situs of the property. Orphan's allowance is not an interest sought in the property, but is a preferred claim against the estate and to be protected on grounds of public policy in like manner as the state of actual situs of personalty protects local creditors."

The written agreement which was executed December 13, 1932, between the executors of the will of the decedent, and his widow, Florence Wayne Foreman, by the terms of which a compromise of the terms of the will was reached, and her contest to the probate thereof in the state of New York was dismissed, does not estop her from subsequently procuring a valid order from the California court in ancillary probate proceedings granting family allowance pending the settlement of the estate. There is no doubt a widow may specifically waive her right to family allowance. (*Estate of*

*Parkinson,* 193 Cal. 354 [224 Pac. 453].) But the written agreement in the present proceeding does not purport to constitute such a waiver. It was a mere agreement with respect to distribution of the property of the estate under the terms of the will, and a termination of the contest of the will. The agreement provides in that regard:

"The second party [Florence Wayne Foreman] hereby withdraws her objections to the probate of said last will and testament of Winfield Amos Foreman, deceased. . . . The parties hereto hereby consent and agree that the second party shall receive *in lieu and in place of the provisions made for her in said last will and testament* an outright gift of twenty-six per cent (26%) of the net estate of Winfield Amos Foreman, deceased."

The written agreement refers merely to the distribution of property under the will. It does not refer to the widow's right to apply for family allowance, nor to any other statutory right incident to the probating of the estate. Her right to family allowance was therefore not waived or affected by this agreement.

The orders are affirmed.

Plummer, J., and Pullen, P. J., concurred.